UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 2, 2022

LETTER TO ALL COUNSEL OF RECORD

Re: *Towanna G. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1711-BAH

Dear Counsel:

On July 9, 2021, Plaintiff Towanna G. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment and Plaintiff's alternative motion to remand. ECF 13, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, REVERSE the Commissioner's decision, GRANT Plaintiff's alternative motion for remand, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on February 25, 2019, alleging a disability onset of January 1, 2019. Tr. 284–95. Plaintiff's claim was denied initially and on reconsideration. Tr. 213–16, 222–27. On October 23, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 118–70. Following the hearing, on January 13, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 8–28. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] 42 U.S.C. §§ 301 et seq.

*Towanna G. v. Kijakazi*
Civil No. 21-1711-BAH
September 2, 2022
Page 2

continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 25, 2019, the application date." Tr. 13. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Degenerative Disc Disease, Multiple Sclerosis, Major Neurocognitive Disorder and Major Depressive Disorder." Tr. 13. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 416.967(b) except 4 hours of standing and walking. She can frequently push and pull with right arm and frequently operate right foot controls. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, and scaffolds. She can frequently rotate, flex, and extend her neck. She can frequently reach, overhead reach, handle, finger, and feel with the right upper extremity. She is limited to jobs that can be performed while using a cane for ambulation. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, excessive vibration, hazardous moving machinery, and unprotected heights. She can only perform simple, routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving occasional interaction with supervisors, co-workers, and the general public. Further, changes in work duties must be introduced gradually.

Tr. 16. The ALJ determined that Plaintiff was unable to perform past relevant work as a Cab Driver (DOT[2] Code 913.46-018, SVP 3, semi-skilled, medium per DOT and as performed),

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Towanna G. v. Kijakazi*
Civil No. 21-1711-BAH
September 2, 2022
Page 3

Teacher Aid 1 (DOT Code 099.327-010, SVP 6, skilled, light per DOT and as performed), and Nurse Assistant (DOT Code 355.674-014, SVP 4, semi-skilled, medium per DOT, performed as heavy) but could perform other jobs that existed in significant numbers in the national economy. Tr. 21–22. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 22.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

In arguing that the ALJ's decision is not supported by substantial evidence, Plaintiff raises two arguments on appeal, specifically that: (1) the ALJ "erroneously required the Plaintiff to prove the type and degree of her subjective complaints by objective evidence . . . thereby improperly increasing her burden of proof," violating *Hines v. Barnhart*, 455 F.3d 559 (4th Cir. 2006), and *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020), Pl.'s Br. 6, ECF 13-1, and (2) the ALJ "failed to properly assess the Plaintiff's limitations" in his RFC analysis. *Id.* at 12. Defendant counters that Plaintiff's reliance on *Hines* and *Arakas* is misplaced because those cases involved claimants suffering from sickle cell disease and fibromyalgia, respectively—both diseases that do not produce objective medical evidence of a claimant's pain. Def.'s Br. 6–7, ECF 18-1. Defendant contends that Plaintiff's impairment does produce objective evidence, so that caselaw does not guide the ALJ's analysis. *Id.* at 8. Additionally, Defendant argues that the ALJ did adequately explain how he assessed Plaintiff's RFC. *Id.* at 10.

The Court first considers whether the ALJ erroneously elevated Plaintiff's burden when evaluating her subjective complaints. This Court has previously recognized that when evaluating

a claimant's statements,[3] an ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Carolyn L. v. Kijakazi*, Civil No. TJS-20-3686, 2022 WL 897137, at *3 (D. Md. Mar. 28, 2022) (quoting SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016)). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia *or some other disease that does not produce such evidence*."[4] *Id.* (citing *Arakas*, 983 F.3d at 97) (emphasis added). "In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis." *Id.* (citing *Arakas*, 983 F.3d at 83, 95–97).

Here, the ALJ states that "[a]s for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because her assertions are not supported by the objective medical or other evidence of record." Tr. 17. Such a conclusion runs afoul of *Arakas*'s holding that an ALJ "may not relying solely on the lack of objective medical evidence to discredit a claimant's subjective complaints." *Arakas*, 983 F.3d at 97. It is well-established that Plaintiffs are "entitled to rely exclusively on subjective evidence to prove the severity, persistence, and limiting effects of their symptoms." *Id.* at 98; *see also Coreen T. v. Kijakazi*, Civil Action No. CBD-19-3372, 2022 WL 252961, at *5 (D. Md. Jan. 26, 2022) (finding that the ALJ impermissibly relied solely on objective medical findings when disregarding the plaintiff's subjective statements); *Robles v. Saul*, Civil No. 1:19-cv-03271-JMC, 2021 WL 1169028, at * 5–6 (D. Md. Mar. 26, 2021) (same). In doing so, the ALJ committed a reversible error by improperly raising Plaintiff's burden. *See, e.g.*, *Willie L. v. Kijakazi*, No. CV TMD 20-3279, 2021 WL 5233565, at *5 (D. Md. Nov. 10, 2021) (citing *Arakas*, 983 F.3d at 97) ("To the extent that the ALJ stated that he considered other evidence, 'ALJs apply an incorrect legal standard by requiring objective

---

[3] "In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test." *Carolyn L. v. Kijakazi*, Civil No. TJS-20-3686, 2022 WL 897137, at *3 (D. Md. Mar. 28, 2022) (citing *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a)). "First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms." *Id.* (citing 20 C.F.R. §§ 404.1529(b), 416.929(b)). "Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work." *Id.* (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)). "At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant." *Id.*

[4] Courts in the Fourth Circuit, including this District, have rejected narrowing the scope of *Arakas* as only applying to fibromyalgia analysis. *See, e.g.*, *Karin D. v. Kijakazi*, Civil No. GLS 20-3034, 2021 WL 6197896, at *4 (D. Md. Dec. 30, 2021) ("The Fourth Circuit did not . . . limit the holding of *Arakas* to cases involving diseases with symptoms that are entirely subjective."); *Martina F. v. Saul*, Civil No. GLS 20-01724, 2021 WL (D. Md. July 8, 2021) (same); *Laffitte v. Saul*, No. 1:20CV163, 2021 WL 681102, at *9–10, (M.D.N.C. Feb. 22, 2021).

evidence of symptoms even when they also consider other evidence in the record.'").

The ALJ also failed to effectively explain *how* the objective medical evidence contradicts Plaintiff's subjective complaints. *See, e.g.*, *Robles*, 2021 WL 1169028, at * 6 (quoting *Arakas*, 983 F.3d at 96) ("What is worse, from the Court's view, is that, 'while objective medical evidence is unnecessary at the second step of the symptom-evaluation framework, such objective evidence *was present* in this case.'"). The ALJ noted that "[t]he claimant testified to experiencing back and right leg pain with associated numbness and weakness," but concluded that although "the claimant's impairments are likely to cause some mild restriction in exertional, environmental and mental abilities, they are not to the extent alleged." Tr. 20. In finding "that [Plaintiff's] testimony is [not] entirely supported by objective evidence," Tr. 20, the ALJ failed to explain the basis for his conclusion.

For example, under *Arakas* and *Woods v. Berryhill*, the ALJ is required to consider both the type and extent to which a claimant can perform daily activities when evaluating her subjective complaints. *Arakas*, 983 F.3d at 99 (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). The ALJ opinion notes that according to Plaintiff's testimony, she "can stand 10 minutes before experiencing pain in her right leg. She can sit for a little, but then she has to move due to back pain. When she lifts, things fall out of her hand." Tr. 17. She "experiences pain," "depression," "weakness in her arms and legs," and "tremors all the time." Tr. 17. The ALJ noted that Plaintiff's "conditions prevent her from leaving her house." Tr. 17. Plaintiff also testified that she does not "use [her] phone much because [her] fingers get numb and tingly, or [she] keep[s] dropping [her] phone" so she lets her kids use it. Tr. 146. When asked whether she can prepare meals or fold laundry, she answered, "With help sometimes I can[;] sometimes my kids have to do it . . . ." Tr. 147. She also testified that "stuff just falls out of my hands," including "my spoon . . . when I'm trying to eat my oatmeal." Tr. 143. Additionally, she testified that when she goes grocery shopping, her husband or kids go with her, but "if I get there and there's no trolley to drive around in, I don't get out of the car, I'll just sit and if I get tired of sitting in the car I'll stand, and they go in and get what I need." Tr. 143–44.

Yet after citing to examples in the record establishing that the claimant suffers from degenerative disc disease and multiple sclerosis, the ALJ wrote off the claimant's symptoms as mild based on the ALJ's finding that "[s]he still maintains fairly extensive activities of daily living, such as using a phone, cooking, cleaning and shopping." Tr. 20. This finding is inconsistent with the ALJ's own summary of Plaintiff's testimony, and the ALJ failed to adequately explain how or why other evidence in the record is more credible. While the Fourth Circuit found that the ALJ erred in determining that the plaintiff's subjective complaints were inconsistent with her treatment record in *Arakas*, the ALJ in this case failed to support his finding with substantial evidence under the correct legal standard, precluding meaningful review by this Court. Therefore, remand is necessary. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to properly address Plaintiff's RFC using a function-by-function analysis. On remand, the ALJ is welcome to consider these arguments and make any required

*Towanna G. v. Kijakazi*
Civil No. 21-1711-BAH
September 2, 2022
Page 6

adjustments to the opinion.

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED; Defendant's motion for summary judgment, ECF 18, is DENIED; and Plaintiff's alternative motion for remand, ECF 13, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge